# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

**KIMBERLY DOAK**, on behalf of herself and others similarly situated,

    Plaintiff,

v.

**SMITH FOOD GROUP, INC. d/b/a BUFFALO'S CAFE**,

    Defendant.

Case No:   3:17-cv-43-TCB

## CLASS AND COLLECTIVE ACTION COMPLAINT & JURY DEMAND
### ("Class Representation")

Plaintiff, KIMBERLY DOAK, ("Plaintiff"), on behalf of herself and others similarly situated, files this Class and Collective Action Complaint against Defendant, SMITH FOOD GROUP, INC. d/b/a BUFFALO'S CAFE, a Florida Corporation (hereinafter "Defendant"), for failure to pay minimum wages and for failure to pay overtime compensation to all servers (hereinafter "servers" or "class members") whom worked in the State of Georgia and were not paid at least the full minimum wage for all hours worked, pursuant to 29 U.S.C. § 201, et al., and whom were not paid overtime compensation pursuant to 29 U.S.C. § 216(b), and

other relief under the Fair Labor Standards Act, as amended, (hereinafter the "FLSA").

## NATURE OF CASE

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce that double payment must be made in the event of a delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

Defendant violated the FLSA by failing to pay class members at least the full minimum wage for all hours worked pursuant to the FLSA. Defendant also violated the FLSA by failing to pay class members within the past three (3) years proper overtime wages for all hours worked over forty (40) within a workweek.

Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed. R. Civ. P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## PARTIES

1. Plaintiff and the class members are hourly paid servers whom worked for Defendant within the last three (3) years.

2. Plaintiff, KIMBERLY DOAK, worked for Defendant from approximately October 20, 2010 through March 17, 2017.

3. The proposed class members worked for Defendant at its restaurant as servers.

4. Plaintiff and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All servers whom worked for Defendant during the three (3) years preceding this lawsuit.**

The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

5. Defendant's principal address is listed in Griffin, Georgia and is therefore within the jurisdiction of this Court.

## JURISDICTION & VENUE

6. This action is brought under the FLSA to recover from Defendant, damages for unjust enrichment, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid server whom worked for Defendant at any time within the past three (3) years in the State of Georgia.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. This Court has jurisdiction and venue over this Complaint as Defendant's principal address is in Griffin, Georgia.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff and the class members worked as servers for Defendant.

10. Plaintiff and the class members were paid pursuant to a "tip credit" method and were paid the minimum wage minus the tip credit.

11. At all material times, the tip credit deducted was $5.12 per hour and Defendant paid the servers $2.13 per hour.

12. At all material times, Defendant was an enterprise subject to and failed to comply with 29 U.S.C. §§201-209 since Plaintiff and the class members

performed services for Defendant for which no provisions were made by Defendant to properly pay for hours worked in excess of forty (40) within a work week.

13. At all material times (during the last three years), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which travelled in interstate commerce on a daily basis.

15. At all material times (during the last five years), Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

16. Additionally, Plaintiff and the class members were engaged in interstate commerce during their employment with Defendant as a result of their use of credit

card machines and other restaurant equipment which transmitted communications in interstate commerce.

17. Defendant is in the business of providing food and drinks to the general public.

18. Defendant employed Plaintiff and the class members in the last five (5) years.

19. Plaintiff and the class members worked in the State of Georgia without being paid at least the full minimum wage for all hours worked.

20. Plaintiff and the class members were not paid proper overtime compensation for hours worked in excess of forty (40) hours within a work week.

21. Defendant controlled and/or was responsible for the work of Plaintiff and the class members.

22. Plaintiff and the class members did a specific job, i.e., serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

23. Defendant utilized the tip credit and paid Plaintiff and the class members under the applicable tipped minimum wage. Notwithstanding Defendant's preference to pay Plaintiff and the class members through the tip credit, Defendant elected to require Plaintiff and the class members to perform a significant amount of non-tipped related job duties.

24. Defendant required Plaintiff and the class members to prepare foods prior to the start of their shift without proper compensation.

25. Defendant required Plaintiff and the class members to perform a significant amount of cleaning activities (i.e., sweep, mop, clean bathrooms and work areas, wash dishes, etc.).

26. Defendant required Plaintiff and the class members to clean and perform preparatory activities on days when they did not serve customers.

27. Defendant also had a policy that did not allow its servers to clock in until they were assigned their first customer in their section.

28. Plaintiff and the class members' non-tipped hours easily surpassed 20% of their total weekly work hours.

29. Defendant failed to provide Plaintiff and the class members with proper notice that it would pay Plaintiff and the class members pursuant to a tip credit method.

30. Hence, Defendant violated the terms of the tip credit and the FLSA's provision on minimum wages.

31. As a result of these common policies, Plaintiff and the class members are entitled to receive $5.12 for each hour worked as repayment for the tip credit improperly deducted from their wages.

32. Additionally, Defendant failed to pay Plaintiff and the class members proper overtime wages for all overtime hours worked.

33. During their employment, Plaintiff or one or more of the class members complained about the illegal practices described above to Defendant's management, and Defendant took no action to stop the illegal practices.

34. The additional persons whom may become plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of being improperly paid the tipped minimum wage.

35. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and class members are in the possession and custody of Defendant.

## COLLECTIVE FACTUAL ALLEGATIONS

36. Class members are treated equally by Defendant.

37. Defendant has approximately employed an excess of forty (40) class members who were paid pursuant to tip credit in the State of Georgia within the past three (3) years.

38. Defendant paid Plaintiff and the class members an hourly wage, plus tips.

39. Plaintiff and the class members worked in the same location.

40. Plaintiff and the class members were not paid proper minimum wage for all hours worked.

41. Plaintiff and the class members were not paid proper overtime wages.

42. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

43. Defendant was aware of the requirements of the FLSA, yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

44. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

45. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
## (Minimum Wage)

46. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 45 as if fully incorporated herein.

47. At all relevant times, Defendant has been, and continues to be, employers engaged in interstate commerce and/or for the production of goods for commerce, within the meaning of the FLSA.

48. At all relevant times, Defendant employed and/or continues to employ similarly situated servers.

49. Defendant's failure to pay Plaintiff and other similarly situated servers the full minimum wage is a violation of 29 U.S.C. § 206.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

51. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 45 as if fully incorporated herein.

52. Plaintiff and the class members were not paid proper overtime for all hours worked.

53. Plaintiff and the class members were required to perform overtime hours.

54. Plaintiff and the class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

55. During their employ with Defendant, Plaintiff and the class members worked overtime hours but were not paid proper time and one-half compensation.

56. Plaintiff and the class members seek payment of unpaid overtime within the last three (3) years from the filing of this Complaint.

57. Defendant's violations were willful in that Defendant failed to keep accurate time records as required by the FLSA.

58. Defendant's violations were willful in that Defendant refused to post notice of applicable FLSA laws as required by the FLSA.

59. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the class members time and one-half the regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff and the class members suffered damages in the loss of overtime compensation for one or more weeks of work during their employ with Defendant.

## COUNT III
## DECLARATORY RELIEF

60. Plaintiff re-alleges and reincorporates all allegations contained in Paragraphs 1 – 45 as if fully incorporated herein.

61. The Court has jurisdiction to hear Plaintiff's and Defendant's underlying and pending dispute, under the Fair Labor Standards Act, pursuant to 28 U.S.C. § 1331.

62. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

63. Plaintiff may obtain declaratory relief.

64. Defendant employed Plaintiff and the other class members as servers.

65. Plaintiff and the class members are/were individually covered by the FLSA.

66. Defendant failed to pay Plaintiff and the class members the proper minimum wage.

67. Defendant failed to pay Plaintiff and the class members proper overtime pay.

68. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

69. Plaintiff and the class members are entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

70. Plaintiff and the class members are entitled to overtime compensation pursuant to 29 U.S.C. §§201 – 209.

71. Defendant did not have a good faith basis that its pay policies relative to Plaintiff and the class members were in compliance with the FLSA.

72. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

73. Defendant did not give its servers notice of an intent to pay them by the tip credit (i.e. less than minimum wage plus tips).

74. Defendant's pay policies relative to Plaintiff and the class members was done with reckless disregard for the FLSA.

75. It is in the public interest to have the declaration of rights recorded since Defendant still employs servers subject to the same policies at issue.

76. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

77. The declaratory judgment action affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff, KIMBERLY DOAK, demands a declaration of rights finding that:

a. An employer/employee relationship existed between Plaintiff and Defendant;

b. Plaintiff and the class members were not paid the full minimum wage by Defendant for each hour worked;

c. Defendant had a legal duty to pay Plaintiff and the class members proper compensation pursuant to the FLSA;

d. Defendant failed to prove a good faith defense to their pay practices; and

e. Plaintiff and the class members are entitled to proper compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 29th day of March, 2017.

> Respectfully submitted,
>
> */s/ Carlos V. Leach*
> Carlos V. Leach, Esq.
> Ga. Bar No.: 488443
> Fla. Bar No.: 540021
> **MORGAN & MORGAN, P.A.**
> 191 Peachtree Street, N.E., Suite 4200
> Post Office Box 57007
> Atlanta, Georgia 30343-1007
> Direct: (404) 496-7295
> Main: (404) 965-8811

Facsimile: (404) 965-8812  
E-mail: [CLeach@forthepeople.com](mailto:CLeach@forthepeople.com)  
***Attorneys for Plaintiff(s)***