# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and among Plaintiff Kimberly Doak and opt-in Plaintiff Lorrie Patterson ("Plaintiffs"), on the one hand, and Smith Food Group, Inc. d/b/a Buffalo's Cafe ("Defendant"), on the other hand. Together, Defendant and Plaintiffs are referred to as the "Parties."

## RECITALS

WHEREAS, on March 29, 2017, Plaintiff Kimberly Doak filed a lawsuit captioned Kimberly Doak *v.* Smith Food Group, Inc. d/b/a Buffalo's Cafe, Case No. 3:17-CV-43-TCB in the U.S. District Court for the Northern District of Georgia (hereinafter, "Complaint");

WHEREAS, Plaintiffs' Complaint alleges that Defendant failed to pay Plaintiffs and similarly situated individuals proper minimum wage and overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Complaint; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1.  **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiffs and their counsel a total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) (the "Settlement Payment"). Defendant shall deliver checks to Plaintiffs' counsel, made payable and allocated as follows:

    a.  One check made payable to Kimberly Doak, in the amount of Six Thousand and Two Hundred Fifty Dollars ($6,250.00), less required deductions, to represent Actual Damages of her settlement. Defendant will issue an IRS Form W-2 for this amount to Doak.

    b.  One check made payable to Kimberly Doak, in the amount of Six

Thousand and Two Hundred Fifty Dollar ($6,250.00) to represent Liquidated Damages of her settlement.  Defendant will issue an IRS Form 1099 for this amount to Doak specifically checking box 3 and designating the payment as "other income."

      c.      One check made payable to Lorrie Patterson, in the amount of Two Thousand and Five Hundred Dollars ($2,500.00), less required deductions, to represent Actual Damages of her settlement. Defendant will issue an IRS Form W-2 this amount to Patterson.

      d.      One check made payable to Lorrie Patterson, in the amount of Two Thousand and Five Hundred Dollars ($2,500.00) to represent Liquidated Damages of her settlement. Defendant will issue an IRS Form 1099 for this amount to Patterson specifically checking box 3 and designating the payment as "other income."

      e.      One check made payable to the law office of Morgan & Morgan, P.A., in the amount of Twelve Thousand and Five Hundred Dollars ($12,500.00) to represent Plaintiffs' attorneys' fees and costs.  Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

Plaintiffs and their counsel agree to provide Defendant executed W-9 forms, and any other reasonable and necessary information, as requested by Defendant to execute the Settlement Payment.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither the Parties nor their attorney(s) will seek any additional award of attorneys' fees, costs, or other monies from the other Party.

**2.**    **Taxes.**  Other than as stated above, Plaintiffs shall be solely responsible for, and are legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiffs agree to indemnify and hold Defendant harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment.  Defendant does not make any warranty or representation to Plaintiffs or their counsel regarding the tax consequences of the Settlement Payment.

**3.**    **Court Approval of Agreement and Dismissal with Prejudice.**  The Parties agree that within five (5) business days after all Parties have executed this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order).  Such Motion shall seek judicial approval of the Agreement and dismissal with prejudice of all of Plaintiffs' claims against Defendant. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of the Complaint.  The failure to secure the dismissal of

the Complaint *with prejudice*, for whatever reason, will nullify Plaintiffs' and counsel's right to the Settlement Payment.

4.     **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiffs' counsel within ten (10) days after the occurrence of both of the following: (1) the Court approves this Agreement and dismisses the Complaint with prejudice; and (2) Defendant's counsel receives the executed W-9s from Plaintiffs and their counsel.

5.     **Release.** In exchange for the consideration described herein, Plaintiffs, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise and forever discharge Defendant, its owners, officers, employees, successors and agents from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against each other arising out of or relating to Plaintiffs' employment and/or termination of their employment with Defendant from the beginning of time through the Effective Date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release. For purposes of this Agreement, the "Effective Date" with respect to each Plaintiff shall be the date that each Plaintiff signs, and does not revoke, the Agreement.

6.     **No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Complaint), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

7.     **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of

liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiffs or that it engaged in any wrongful, tortious or unlawful activity.

8. **Non-Disparagement.** Plaintiffs agree that, unless required to do so by legal process, they will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Defendant or any of the Defendant's directors, officers, employees, agents or representatives.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates. This paragraph includes, but is not limited to, communications made on social media—such as Facebook, Instagram, LinkedIn, Twitter, and similar websites and applications.

9. **No Future Employment between the Parties.** Plaintiffs agree to never seek or accept rehire, employment, or an independent contractor relationship, either directly, through a temporary agency, or by any other method, with Defendant or its current or future affiliated companies (collectively, "Defendant's Companies"). Plaintiffs agree that Defendant's Companies shall have no obligation to engage their services in any capacity (*e.g.,* as an employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiffs' breach of this provision of the Agreement.

10. **Specific Release of ADEA Claims.** In further consideration of the Settlement Payment and benefits provided to Plaintiffs in this Agreement, each Plaintiff hereby irrevocably and unconditionally fully and forever waives, releases, and discharges Defendant from any and all claims, whether known or unknown, from the beginning of time to the date of each Plaintiff's execution of this Agreement, arising under the Age Discrimination in Employment Act ("ADEA"), as amended, and its implementing regulations.

By signing this Agreement, each Plaintiff, on her own behalf, hereby acknowledges and confirms that: (i) Plaintiff has read this Agreement in its entirety and understands all of its terms; (ii) Plaintiff has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel; (iii) Plaintiff knowingly, freely, and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; and (vii) Plaintiff understands that the release contained in this Paragraph does not apply to rights and claims that may arise after the date on which

Plaintiff signs this Agreement. The Parties agree that, to the extent that any provision of this Agreement is determined to be in violation of the Older Workers' Benefits Protection Act ("OWBPA"), it should be severed from the Agreement or modified to comply with the OWBPA, without affecting the validity or enforceability of any of the other terms or provisions of the Agreement.

**11.     Full Payment for Work Performed.** Plaintiffs acknowledge that, with the payments set forth in this Agreement, they have been fully compensated by Defendant for all unpaid wages for hours allegedly worked, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and any other damages allegedly owed by Defendant, and that no other form of compensation or other damage of any kind is owed to them by Defendant.

**12.     Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement.

**13.     Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

**14.     New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**15.     Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**16.     Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**17.     Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

**18.     Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**19.     Drafting.** The Parties acknowledge that they have jointly agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**20.     Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its or his behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**21.     Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

*[SIGNATURE BLOCKS ON FOLLOWING PAGE]*

AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**KIMBERLY DOAK**
Signature: *Kimberly Doak*
Date: 8-9-17

**SMITH FOOD GROUP, INC.**
Signature: *[signed]*
By (Print): FLEMING E. SMITH
Title: CEO
Date: 8-17-17

**LORRIE PATTERSON**
Signature: _____
Date: _____

WSACTIVELLP:9294220.1

## AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

**KIMBERLY DOAK**

Signature: _____

Date: _____

**SMITH FOOD GROUP, INC.**

Signature: _____

By (Print): FLEMING E. SMITH

Title: CEO

Date: 8-17-17

**LORRIE PATTERSON**

Signature: _____

Date: 08/15/17

WSACTIVELLP:9294220.1